The Honorable Dan Greenberg State Representative 606 West Commerce Street, #1 Bryant, Arkansas 72022-7514
Dear Representative Greenberg:
I am writing in response to your request for an opinion on the following two questions:
 Question 1: It seems that [Ark. Const. art. 5, sec. 40] has been superseded by new Amendment 86 establishing annual sessions of the General Assembly and providing that no legislative appropriation shall be for a period longer than one (1) year. True or false?
 Question 2: Assuming for the sake of argument that we decide this provision is not superseded, would it be constitutionally permissible to pass a general appropriation bill at the first of a session that contains no salary adjustment, then pass a salary adjustment measure for constitutional officers later in the same session?
RESPONSE
In my opinion, the answer to your first question is "neither" because amend. 86 amended only a portion of Art. 5, § 40. In light of my response to your first question, your second question appears moot because it is premised on a false assumption, i.e., that Art. 5, § 40 remains unaffected by amend. 86's new appropriation period. *Page 2 
 Question 1: It seems that [Ark. Const. art. 5, sec. 40] has beensuperseded by new Amendment 86 establishing annual sessions of theGeneral Assembly and providing that no legislative appropriation shallbe for a period longer than one (1) year. True or false?
Amendment 86 to the Arkansas Constitution amended — not superseded — only portions of Art. 5, § 40. An amendment is a "change made by addition, deletion, or correction" to, among other things, a "constitution." Black's Law Dictionary 89 (Bryan A. Garner ed., 8th ed., West 2004). In contrast, "suppression," the noun form of "supersede," means an action that "annul[s], make[s] void, or repeal[s] by taking the place of." Id. at 1479. Given that Amendment 86 is styled as an amendment and only adds and deletes terms — the amendment only deleted "biennial period" and replaced it with "fiscal year" — Amendment 86 plainly amends the constitution.
Question 2: Assuming for the sake of argument that we decide thisprovision is not superseded, would it be constitutionally permissible topass a general appropriation bill at the first of a session thatcontains no salary adjustment, then pass a salary adjustment measure forconstitutional officers later in the same session?
Your question is based on the incorrect presumption that Amendment 86 did not amend[1] portions of Art. 5, § 40. As explained, in my response to your first question, Amendment 86 did amend the constitution. Thus, given my response to your first question, this question appears moot. Further, your request to assume "for the sake of argument" that a clearly controlling constitutional amendment does not actually control would require me to engage in speculation given that your assumption is actually contrary to existing law. It is the policy of this office to refrain from issuing an opinion of that nature. *Page 3 
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General,
[1] While your question uses the word "superseded," for the reasons explained in my response to your first question, I assume you mean "amended." *Page 1